

# NUMBER 13-26-00022-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE JIMIE DIANNE OWSLEY

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Justices Silva, Cron, and Fonseca**
**Memorandum Opinion Per Curiam[1]**

Relator Jimie Dianne Owsley filed a pro se petition for writ of mandamus asserting by seven issues that the trial court has abused its discretion in various respects during temporary proceedings under the Texas Family Code.[2]

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

[2] This is relator's second original proceeding assailing the trial court's temporary orders and the trial court proceedings pending final judgment. *See In re Owsley*, No. 13-25-00390-CV, 2025 WL 2329589, at *1 (Tex. App.—Corpus Christi–Edinburg Aug. 12, 2025, orig. proceeding [mand. denied]) (mem. op.).

"Mandamus relief is an extraordinary remedy available only on a showing that (1) the trial court clearly abused its discretion and (2) the party seeking relief lacks an adequate remedy on appeal." *In re Ill. Nat'l Ins.*, 685 S.W.3d 826, 834 (Tex. 2024) (orig. proceeding); *see In re Liberty Cnty. Mut. Ins.*, 679 S.W.3d 170, 174 (Tex. 2023) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). "The relator bears the burden of proving these two requirements." *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *Walker*, 827 S.W.2d at 840. Because a trial court's temporary orders are not appealable, mandamus is an appropriate vehicle for review. *See In re Derzapf*, 219 S.W.3d 327, 334–35 (Tex. 2007) (orig. proceeding) (per curiam); *In re K.B.*, 683 S.W.3d 850, 855 (Tex. App.—Austin 2024, orig. proceeding); *In re D.D.*, 661 S.W.3d 608, 617 (Tex. App.—El Paso 2023, orig. proceeding); *In re Walser*, 648 S.W.3d 442, 445 (Tex. App.—San Antonio 2021, orig. proceeding).

The Court, having examined and fully considered the petition for writ of mandamus, the limited record provided, and the applicable law, is of the opinion that relator has not met her burden to obtain mandamus relief. Accordingly, we deny the petition for writ of mandamus.

PER CURIAM

Delivered and filed on the
14th day of January, 2026.

2